**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**


JASON M. RIVERA,

      Plaintiff,


vs.                                   CASE NO. 8:14-CV-10-T-EAK-TGW


UNITED STATES POSTAL SERVICE,

      Defendant.

_____/


**ORDER ON  MOTION TO DISMISS**

      The cause is before the Court on Defendant's motion to dismiss (Doc. 13) and  response

thereto (Doc. 14).  This cause of action was removed from state court to this Court on January 2,

2014, and the Defendant filed a motion to dismiss on February 24, 2014.

**STANDARD OF REVIEW**

      Federal Rule of Civil Procedure 8(a)(2) requires that a plaintiff's complaint set out a

"short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While a complaint attacked by

a Rule 12(b)6) motion to dismiss does not need detailed factual allegations, a plaintiff's

obligation to provide grounds of his entitlement to relief requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

(citations and internal quotation marks omitted).

      Therefore, to survive a defendant's motion to dismiss, the plaintiff's complaint "must

now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

CASE NO. 8:05-CIV-1086-T-17-MAP

on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting

*Twombly*, 550 U.S. at 570). In considering a motion to dismiss under this plausibility standard,

courts follow a two-pronged approach. First, a court must "eliminate any allegations in [a]

complaint that are merely legal conclusions." *Id.* at 1290 (citing *Ashcroft v. Iqbal*, 129 S. Ct.

1937, 1950 (2009)). Then, a court must take any remaining well-pleaded factual allegations,

"assume their veracity and then determine whether they plausibly give rise to an entitlement to

relief." *Id.* (citing *Iqbal*, 129 S. Ct. at 1950)) (internal quotation marks omitted). In sum, Rule 8's

pleading standard "does not require 'detailed factual allegations,' but demands more than an

unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing

*Twombly*, 550 U.S. at 555).

      The complaint filed by the Plaintiff is sorely lacking in all regards when it comes to

meeting the standards set out above. As the Defendant points out, the plaintiff fails to "identify

any legal grounds that would allow either this Court or the State Court to exercise subject matter

jurisdiction over the present case. Plaintiff has also failed to assert a prayer for relief." Further, it

is impossible to discern even what claims the Plaintiff is asserting, it seems Plaintiff is

attempting to bring one or more of four different potential claims. The complaint is inadequate

and may not go forward. Accordingly, it is

      **ORDERED** that the motion to dismiss be **and the Plaintiff shall have up to and

including April 28, 2014, to file an amended complaint or the cause of action will be

dismissed and the case will be closed**.

      **DONE and ORDERED** in Chambers, in Tampa, Florida, this 15th day of April, 2014.

CASE NO. 8:05-CIV-1086-T-17-MAP


ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE


Copies to: All parties and counsel of record