**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JASON M. RIVERA,
    Plaintiff,

vs.                                           CASE NO. 8:14-CV-10-T-EAK-TGW

UNITED STATES POSTAL SERVICE,
    Defendant.
_____/

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

       The cause is before the Court on plaintiff's motion for summary judgment (Doc. 15) and response thereto (Doc. 16). This cause of action was removed from state court to this Court on January 2, 2014 and the Defendant filed a motion to dismiss on February 24, 2014. To date there has been no discovery in this case. In fact, the parties have yet to file a Case Management Report. The Plaintiff has filed a motion for summary judgment which appears to be based on his perception that the Defendant failed to remove the case to Federal court in a proper manner and that the Defendant has not entered into case management discussions.

**STANDARD OF REVIEW**

       This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. **Sweat v. Miller Brewing Co.**, 708 F.2d 655 (11th Cir. 1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. **Hayden v. First National Bank of Mt. Pleasant**, 595 F.2d 994, 996-7 (5th Cir. 1979), quoting **Gross v. Southern Railroad Co.**, 414 F.2d 292 (5th Cir. 1969). Factual disputes preclude summary judgment.

CASE NO. 8:05-CIV-1086-T-17-MAP

The Supreme Court of the United States held, in **Celotex Corp. v. Catrett**, 477 U.S. 317, 91 L.Ed.2d 265, 106 S.Ct. 2548, (1986):

> In our view the plain language of Rule 56(c)andates the entry of summary judgment, **after adequate time for discovery** and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 273.

The Court also said, "Rule 56(e) therefore requires that nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" **Celotex Corp.**, at p. 274. As the district court in **Coghlan v. H.J. Heinz Co.,** 851 F.Supp. 808 (N.D. Tex. 1994), summarized:

> Although a court must "review the facts drawing all inferences most favorable to the party opposing the motion,"...the nonmovant may not rest on mere allegations or denials in its pleadings; in short, "the adverse party's response... must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e). However, merely colorable evidence or evidence not significantly probative will not defeat a properly supported summary judgment...The existence of a mere scintilla of evidence will not suffice...(cites omitted) at 810-811.

The Court must "draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor." **Speciality Malls of Tampa v. The City of Tampa**, 916 F.Supp 1222 (Fla. M.D. 1996). (emphasis added) A court is not required to allow a case to go to trial "when the inferences that are drawn from the evidence, and upon which the non-movant relies are 'implausible.'" **Mize v. Jefferson City Board of Education**, 93 F.3d 739, 743 (11th Cir. 1996)

A court, however, may only consider "that evidence which can be reduced to an admissible form," *Rowell v. BellSouth Corp.,* 433 F.3d 794, 799 (11th Cir. 2005). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)(emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* In considering the evidence, the court resolves all reasonable doubts about the facts in favor of the non-moving party and draws all justifiable inferences in its favor. *Hickson Corp. v.*

CASE NO. 8:05-CIV-1086-T-17-MAP

*Northern Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004). The court does not, however, weigh the evidence or make findings of fact. *Anderson*, 477 U.S. at 249-50.

In the response to the motion for summary judgment the Defendant sets out reasons the Court should deny the motion. The Court agrees with the Defendant that:

> Because the parties have not met for a CMR conference, and since the parties have therefore not been able to conduct any discovery, plaintiff's Motion is premature and should be denied. *See Sanborn v. Jagen Pty. Ltd.*, 2010 WL 1730756, *1, *3 (M.D. Fla. Apr. 28, 2010) (noting "no discovery should be conducted prior to the parties' case management meeting. Accordingly, Defendant's motion for summary judgment must be denied as premature."). (pg. 2)

The Plaintiff has filed a motion for summary judgment that is premature and will not be considered further by the Court. Accordingly, it is

**ORDERED** that the motion for summary judgment be **denied without prejudice to reassert at an appropriate juncture in this case**. The parties are directed to conduct a case management conference as soon as possible and file a Case Management Report no later than May 19, 2014.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 15th day of April, 2014.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record